UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEVON J. HYPES,<br><br>Plaintiff,<br><br>v.<br><br>BRADY THOMAS, MIKE WATSON, CARPENTER, ZACK SHIFFLET, KOURTNEY CARPER, VENCENT,<br><br>Defendants. | CAUSE NO. 1:26-CV-67-JTM-AZ |

OPINION and ORDER

Devon J. Hypes, a prisoner without a lawyer, filed an amended complaint. (DE # 25.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As an initial matter, Hypes indicates he wishes to bring a class action lawsuit, but it would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3rd Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of

the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted).

Turning to Hypes' individual allegations, he alleges that a fire broke out at the DeKalb County Jail on November 19, 2025, around 11:00 a.m. Inmates were asked to go to their cells and lockdown. Once in their cells, the power failed and smoke entered the inmates' cells through the ventilation system. Commissioner Mike Watson was aware that there was a fire. Hypes asserts that the ventilation system could not empty the smoke from the cells. He further asserts that there were no intercoms to communicate with jail staff in an emergency, and there was not an evacuation plan.

Inmates asked C/O Cason,[1] Lt. Shifflet, Nurse Kortney Carper, and C/O Vencent to take them outside or to the roof. Inmates from another block were brought to the day room in Hypes' housing unit. Hypes developed chest pain and a headache due to the smoke. After two and a half hours, Hypes was placed on a bus and taken to another jail. He was prohibited from bringing his legal work with him. When Hypes returned to DeKalb County Jail, it appeared someone had gone through his legal work.[2]

---

[1] C/O Cason is not listed as a defendant in this action.

[2] Hypes does not indicate that any of his legal material was missing. However, even if it was, these allegations do not state a claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Even the

Hypes indicates that he was both a pre-trial detainee and serving a sentence when these events occurred. (DE # 25 at 5.) For purposes of screening, this court will use the less exacting standard that applies to pre-trial detainees. As a pretrial detainee, Hypes is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A defendant violates the Fourteenth Amendment if he "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021)

---

destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them.

(quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Hypes alleges that Nurse Kortney Carper, Lt. Shifflet, Captain Carpenter, and C/O Vencent were each asked by inmates in Hypes' unit to be released, but they did not do so until two and a half hours had passed. Hypes does not describe what was happening when the inmates were trying to communicate with guards about being let out. It is unclear if Hypes communicated directly with any of the defendants while he was in his cell. If he did, he does not explain who he talked to, what he said, or what explanation they provided for not letting him out of his cell.[3] In short, without additional details the court cannot conclude that the defendant's actions were objectively unreasonable under the circumstances.

Hypes also complains that, while he remained at the DeKalb County Jail, he was denied medical care. Hypes, however, does not indicate that he asked any defendant

[3] The court notes that several other inmates who have sued about the November 19, 2025, fire at the DeKalb County Jail have alleged that they remained in their cells because opening the cells required keys without electricity, and jail staff was unable locate the keys immediately. *See Padfield v. Thomas*, 1:25-CV-643-JTM-AZ (filed Dec. 1, 2025); *Starcher v. Thomas*, 1:25-CV-664-JTM-AZ (filed Dec. 10, 2025); *Galbraith v. Thomas,* 1:25-CV-670-JTM-AZ (filed Dec. 12, 2025); *Warfield v. Thomas*, 1:26-CV-9-JTM-AZ (filed Jan. 8, 2026); *Stiles v. Thomas*, 1:26-CV-95-JTM-AZ (filed Feb. 23, 2026); *Bell v. Thomas*, 1:26-CV-100-JTM-AZ (filed Feb. 25, 2026).

named in this action for medical care. Therefore, he may not proceed on a claim for constitutionally inadequate medical care.

Hypes alleges that Commissioner Mike Watson knew about the fire, but he does not explain how he was involved in any violation of his rights. Hypes named Sheriff Brady Thomas as a defendant too, but he does not mention him at all in the body of the complaint. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Because Hypes has not described how Sheriff Brady Thomas or Commissioner Mike Watson were personally involved in the events that occurred on November 19, 2025, he has not stated a claim against them.

In sum, this complaint does not state a claim for which relief can be granted. The amended complaint is short on facts, dates, and specifics about what occurred on November 19, 2025. Based on what it does say, it is not plausible to infer that his constitutional rights were violated. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Hypes believes he can state a claim *based on (and consistent with)* the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Devon J. Hypes until **October 29, 2026**, to file an amended complaint; and

(2) **CAUTIONS** Devon J. Hypes that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: September 28, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT