UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEVON J. HYPES,<br><br>Plaintiff,<br><br>v.<br><br>BRADY THOMAS, MIKE WATSON, CARPENTER, ZACK SHIFFLET, AND KOURTNEY CARPER,<br><br>Defendants. | CAUSE NO. 1:26-CV-67-JTM-AZ |

OPINION and ORDER

Devon J. Hypes, a prisoner without a lawyer, filed a second amended complaint and a motion seeking to certify this matter as a class action. (DE ## 28, 29.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As an initial matter, the court will address Hypes' motion seeking class certification. This court has already denied this request once. (DE # 27 at 1-2.) The court explained that it would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v.*

*Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). Therefore, Hypes' motion to certify this matter as a class action (DE # 29) will be denied.

Turning to the factual allegations in Hypes' second amended complaint (DE # 28), they are not materially different from those in his earlier complaint (DE # 25). Hypes alleges that a fire broke out at the DeKalb County Jail on November 17, 2025,[1] around 11:00 a.m. Inmates were locked in their cells and subjected to harmful chemicals and smoke for over two hours. This occurred because Captain Carpenter and Lt. Shifflet were unable to locate the keys needed to unlock block doors, cells, and hatches. Hypes notes that no alarms sounded. He also claims that there was no evacuation plan, although he does not allege specific facts that support this assertion.

While Captain Carpenter and Lt. Shifflet searched for the necessary keys, inmates complained about their medical concerns and safety. Captain Carpenter and Lt. Shifflet told these inmates to "shut up." (DE # 28 at 2.) Hypes developed a headache and difficulty breathing due to the smoke. After approximately two and a half hours,

[1] Hypes' earlier complaint indicated that the fire took place on November 19, 2025, but the date is not material to the outcome of this case.

Hypes was taken to another jail. During this process, he interacted with two inmates whom he should have been kept separate from for safety reasons. These inmates allegedly "targeted" Hypes, but Hypes does not indicate that he suffered any physical injury from these inmates. (DE # 28 at 2.) Hypes also indicates that he was prohibited from bringing his legal work with him when he left DeKalb County Jail. When Hypes returned to the jail two days later, his belongings, including legal work, had been rifled through.[2]

In his earlier complaint, Hypes indicated that he was both a pretrial detainee and serving a sentence when these events occurred. (DE # 25 at 5.) Hypes' second amended complaint does not indicate his status. This is likely because Hypes did not use this court's Prisoner Complaint Form – which specifically asks for this information - despite being instructed to do so. (*See* DE # 27 at 6.) Because Hypes' status is not entirely clear, for purposes of this screening order, this court will again apply the less exacting standard that applies to pretrial detainees.

---

[2] In his second amended complaint, Hypes does not indicate that any of his legal material was missing. As explained in this court's earlier screening order (DE # 27 at n.2), even if materials were missing, these allegations do not state a claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them.

As a pretrial detainee, Hypes is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A defendant violates the Fourteenth Amendment if he "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Pittman*, 108 F.4th at 570. In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of

negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

In finding that Hypes' earlier complaint did not state a claim, the court noted that it was unclear if Hypes communicated directly with any of the defendants while he was locked in his cell. (DE # 27 at 4.) His second amended complaint likewise does not describe any communication whatsoever between Hypes and the defendants. Instead, Hypes argues that each defendant should be held liable because they all knew there were pre-existing problems with both electrical panels and the generator and they failed to take action to have those problems fixed. Major renovations take time to plan, seek funding, hire contractors, and complete the work. This is especially so when a governmental entity is involved. Merely knowing upgrades were needed does not lead to liability. Delays in moving these projects forward at most demonstrate negligence. Any harm Hypes may have suffered from the inability to locate the keys necessary to release inmates likewise amounts to negligence. The court has already explained to Hypes that negligence alone is insufficient to constitute a constitutional violation.

Hypes also complains that, while he remained at the DeKalb County Jail, he was denied medical care. Hypes, however, does not indicate that he asked any defendant named in this action for medical care. Hypes also complains that he did not receive medical treatment or clearance after he was transferred to another jail. Hypes, however, does not allege facts from which it could be plausibly inferred that any defendant named in this action is responsible for a lack of medical care while he was temporarily

housed at another jail. Therefore, he may not proceed on a claim for constitutionally inadequate medical care.

Hypes alleges that Nurse Kourtney Carper failed to properly treat inmates and check vitals. He further alleges that this occurred because Captain Carpenter and Lt. Shifflet prohibited her from treating inmates. But, once again, Hypes does not indicate that he asked Nurse Carper for medical care or provide any details regarding such a request. Therefore, Hypes has not stated a claim against Nurse Carper.

Hypes alleges that Commissioner Mike Watson and Sheriff Brady Thomas should have trained their staff so they would know what to do in a situation like this. "An allegation of a 'failure to train' is available only in limited circumstances," and this is not such a case. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations," and Hypes' second amended complaint contains no such allegations. Therefore, he may not proceed against Commissioner Watson or Sheriff Thomas on a failure to train claim.

This second amended complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Hypes has

already amended twice, and for the reasons previously explained, it would be futile to allow him another opportunity to amend.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: October 16, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT